Rodeen Talebi (CA SBN 320392)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Neil J. McNabnay
mcnabnay@fr.com
Texas Bar No. 24002583
Ricardo J. Bonilla
Texas Bar No. 24082704
bonilla@fr.com
Noel F. Chakkalakal
Texas Bar No. 24053676
chakkalakal@fr.com

1717 Main Street, Suite 5000
Dallas, Texas 75201
(214) 747-5070 (Telephone)(214)
747-2091 (Facsimile)

**ATTORNEYS FOR DEFENDANT
JOTFORM, INC.**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DIGITAL VERIFICATION SYSTEMS LLC,**<br><br>            Plaintiff,<br><br>       v.<br><br>**JOTFORM, INC.**<br>            Defendant. | Case NO. 3:22-cv-03122<br><br>**PATENT CASE**<br><br>**JURY TRIAL DEMANDED** |

## JOTFORM, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

Defendant Jotform, Inc. ("Jotform"), files this Answer, Affirmative Defenses, and Counterclaims to Plaintiff Digital Verification Systems LLC's ("Plaintiff" or "Digital Verification") Complaint. Jotform denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.[1]

### PARTIES AND JURISDICTION

1.      Jotform admits that this action is brought under Title 35 of the United States Code. Jotform admits that Plaintiff is seeking injunctive relief and damages. Jotform denies it has committed or is committing acts of infringement and denied Plaintiff is entitled to any relief. Jotform denies any remaining allegations in Paragraph 1 of the Complaint.

2.      Jotform agrees that this Court has subject matter jurisdiction under 28 U.S.C. § 1331 and § 1338(a). Jotform denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Jotform denies any remaining allegations in Paragraph 2 of the Complaint.

3.      Jotform is without knowledge or information sufficient to form a belief of the allegations in Paragraph 3, and therefore denies them.

4.      Jotform is a California corporation with its principal office located at 4 Embarcado Center, Suite 780, San Francisco, CA 94111. Jotform admits it can be served through its registered agent, Steve Hartert, at its principal office. Jotform denies any remaining allegations in Paragraph 4 of the Complaint.

5.      Jotform denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Jotform agrees that this Court has

---

[1] For avoidance of doubt, Jotform denies liability for all allegations of patent infringement included or implied in the introductory paragraph or in any headings of the Complaint.

personal jurisdiction over Jotform. Jotform denies any remaining allegations in Paragraph 5 of the Complaint.

6.    Jotform agrees that its products or services are available in this judicial district. Jotform denies any remaining allegations in Paragraph 6 of the Complaint.

## VENUE

7.    Jotform agrees that venue is proper in this District. Jotform denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Jotform denies any remaining allegations in Paragraph 7 of the Complaint.

## COUNT 1

## ([ALLEGED] INFRINGEMENT OF UNITED STATES PATENT NO. 9,054,860)

8.    Jotform incorporates paragraphs 1 through 7 herein by reference.

9.    Jotform admits that this cause of action is brought under patent laws of the United States and, in particular, 35 U.S.C. §§ 271, *et seq.*

10.    Jotform is without knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 10, and therefore denies them.

11.    Jotform admits that the purported copy of U.S. Patent No. 9,054,860 ("'860 Patent" or "Asserted Patent") is attached as Exhibit A to the Complaint. Jotform denied any remaining allegations in Paragraph 11 of the Complaint.

12.    Jotform denies the allegations in Paragraph 12 of the Complaint.

13.    Jotform denies the allegations in Paragraph 13 of the Complaint.

14.    Jotform denies the allegations in Paragraph 14 of the Complaint.

15.    Jotform denies the allegations in Paragraph 15 of the Complaint.

16.    Jotform denies the allegations in Paragraph 16 of the Complaint.

17.    Jotform denies the allegations in Paragraph 17 of the Complaint.

18.    Jotform denies the allegations in Paragraph 18 of the Complaint.

19.     Jotform denies the allegations in Paragraph 19 of the Complaint.

20.     Jotform denies it has committed or is committing acts of infringement. Jotform denies the remaining allegations in Paragraph 20 of the Complaint.

21.     Jotform denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief.

22.     Jotform is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and, on that basis, denies all such allegations.

<u>**[PLAINTIFF'S] JURY DEMAND**</u>

Plaintiff's Jury Demand does not contain any allegations and therefore does not require a response. To the extent a response is required, Jotform denies those allegations.

<u>**[PLAINTIFF'S] PRAYER FOR RELIEF**</u>

To the extent a response is required to Plaintiff's prayer for relief, Jotform denies that Plaintiff is entitled to any judgment against Jotform and/or an order granting relief in any of the forms requested in parts a-e.

## AFFIRMATIVE DEFENSES

In addition to answering the Complaint, Jotform asserts the following affirmative defenses. Jotform reserves the right to amend this Answer to add additional affirmative defenses as further information is obtained.

### FIRST AFFIRMATIVE DEFENSE

Jotform has not infringed and does not infringe, under any theory of infringement, including literally or under the doctrine of equivalents, directly (whether individually or jointly), or indirectly (whether contributorily or by inducement), any valid, enforceable claim of the '860 Patent.

### SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the '860 Patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff and any predecessors in interest to the '860 Patent failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that the actions of Jotform allegedly infringe the Asserted Patent, Jotform is not liable to Plaintiff for the acts alleged to have been performed before Jotform received actual notice that it was allegedly infringing the Asserted Patent.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that Jotform indirectly infringes, either by contributory infringement or inducement of infringement, Jotform is not liable to Plaintiff for the acts alleged to have been performed before Jotform knew that its actions would cause indirect infringement.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the claims of the '860 Patent do not claim patent eligible subject matter under 35 U.S.C. § 101.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim of direct infringement because, among other things, Plaintiff has not stated a plausible allegation that any method or system employed or process practiced by Jotform includes: (1) "at least one digital identification module structured to be associated with at least one entity"; (2) "a module generating assembly structured to receive at least one verification data element corresponding to the at least one entity and create said at least one digital identification module"; (3) "said at least one digital identification module being disposable within at least one electronic file"; (4) "said at least one digital identification module comprising at least one primary component structured to at least partially associate said digital identification module with said at least one entity, wherein;" and/or (5) "said at least one digital identification module is cooperatively structured to be embedded within only a single electronic file," as required by at least Claim 1 of the '860 Patent.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that Jotform infringes under a theory of joint infringement, Jotform is not liable to Plaintiff. Jotform does not provide or perform each element of any claim of the Asserted Patent, and any actions of third parties accused by Plaintiff are not attributable to Jotform.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovering its reasonable attorney's fees, costs, and/or increased damages under 35 U.S.C. §§ 284 or 285.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to injunctive relief as it has, at a minimum, no irreparable injury and an adequate remedy at law for the alleged infringement.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's attempted enforcement of the Asserted Patent against Jotform is barred by one or more of the equitable doctrines of estoppel, acquiescence, waiver, and unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is estopped, based on statements, representations, and admissions made during prosecution of the patent application resulting in the Asserted Patent and/or applications related thereto, from asserting any interpretations of any valid, enforceable claims of the Asserted Patent that would be broad enough to cover any activity of Jotform, either literally or by application of the doctrine of equivalents.

### TWELFTH AFFIRMATIVE DEFENSE

Should Jotform be found to infringe any valid, enforceable claim of the '860 Patent, such infringement was not willful.

## COUNTERCLAIMS

For its counterclaims against Plaintiff Digital Verification Systems LLC ("Digital Verification"), Counterclaim Plaintiff Jotform, Inc. ("Jotform") alleges as follows:

### PARTIES

1.      Counterclaim Plaintiff Jotform is a California corporation with its principal place of business at 4 Embarcado Center, Suite 780, San Francisco, CA 94111.

2.      Plaintiff Digital Verification is a Texas Limited Liability Company located at 1 East Broward Boulevard, Suite 700, Fort Lauderdale, FL 33301.

### JURISDICTION

3.      Jotform incorporates by reference Paragraphs 1-2 above.

4.      These counterclaims arise under the patent laws of the United States, Title 35 United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201-02.

5.      Digital Verification has consented to the personal jurisdiction of this Court at least by filing this action for patent infringement to this District.

6.      Based solely Digital Verifications's filing of this action, venue is proper, though not necessarily convenient, in this District pursuant to at least 28 U.S.C. §§ 1391 and 1400.

### COUNT I: DECLARATION REGARDING NON-INFRINGEMENT OF U.S. PATENT NO. 9,054,860

7.      Jotform incorporates by reference Paragraphs 1-6 above.

8.      Based on the filing of this action and at least Defendant's first affirmative defense, an actual controversy has arisen and now exists between the

parties as to whether Jotform infringes U.S. Patent No. 9,054,860 (the "'860 Patent").

9.    Jotform does not infringe at least Claim 1 of the '860 Patent because, *inter alia*, the accused system is not adapted to include: (1) "at least one digital identification module structured to be associated with at least one entity"; (2) "a module generating assembly structured to receive at least one verification data element corresponding to the at least one entity and create said at least one digital identification module"; (3) "said at least one digital identification module being disposable within at least one electronic file"; (4) "said at least one digital identification module comprising at least one primary component structured to at least partially associate said digital identification module with said at least one entity, wherein;" and/or (5) "said at least one digital identification module is cooperatively structured to be embedded within only a single electronic file," as required by at least Claim 1 of the '860 Patent.

10.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Jotform requests a declaration by the Court that Jotform has not infringed and does not infringe any claim of the '860 Patent under any theory of infringement, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

## COUNT II: DECLARATION REGARDING INVALIDITY OF U.S. PATENT NO. 9,054,860

11.    Jotform incorporates by reference Paragraphs 1-10 above.

12.    Based on the filing of this action and at least Defendant's second affirmative defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '860 Patent.

9

13.    The claims of the '860 Patent are invalid for failure to comply with one or more of the requirements of the Unites States Code, Title 35, including without limitation, 35 U.S.C. §§ 102, 103, and the rules, regulations, and laws pertaining thereto. More specifically, the claims are anticipated and/or rendered obvious by, *inter alia*, U.S. Patent Nos. 5,606,609, 6,757,826, and 6,948,069 and U.S. Patent Application Publication Nos. 2002/0026575, and 2003/0115151. Jotform reserves the right to assert additional prior art and/or other invalidity defenses against the '860 Patent in accordance with the Court's Local Patent Rules.

14.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Jotform requests a declaration by the Court that claims of the '860 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**JURY DEMAND**

Jotform hereby demands trial by jury on all issues in these Counterclaims.

**PRAYER FOR RELIEF**

WHEREFORE, Jotform asks this Court to enter judgment in favor of Jotform and against Digital Verification by granting the following relief:

    a) a declaration that the Asserted Patent is invalid;

    b) a declaration that Jotform does not infringe, under any theory, any valid claim of the Asserted Patent that may be enforceable;

    c) a declaration that Digital Verification take nothing by its Complaint;

    d) judgment against Digital Verification and in favor of Jotform;

    e) dismissal of the Complaint with prejudice;

1

f)  a finding that this case is an exceptional case under 35 U.S.C. § 285 and
an award to Jotform of its costs and attorneys' fees incurred in this
action; and

g)  further relief as the Court may deem just and proper.

Dated:  August 8, 2022

FISH & RICHARDSON P.C.        By: */s/ Rodeen Talebi*
                              Rodeen Talebi

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on August 8, 2022, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Rodeen Talebi*
Rodeen Talebi
